UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

V. JANET BOWMAN,                    )
                                    )
        Plaintiff,                  )    Civil Action No. 12-47-JMH
                                    )
vs.                                 )
                                    )    **MEMORANDUM OPINION**
ROBERT E. CORTELLESSA, *et al*.,    )      **AND ORDER**
                                    )
        Defendants.                 )
                                    )

***** ***** *****

V. Janet Bowman, the *pro se* plaintiff, has filed a civil complaint against her former spouse, Robert E. Cortellessa, and Robert S. Silverthorn, the attorney who represented Bowman in the 1984 divorce proceeding, *Cortellessa v. Cortellessa*, Woodford Circuit Court Case No. 84-CI-191. Bowman has also filed a motion to proceed *in forma pauperis*. In her Complaint, Bowman challenges the division of marital property ordered in that 1984 Woodford Circuit Court divorce proceeding.

The Court will grant Bowman's motion to proceed *in forma pauperis* but will dismiss her Complaint for lack of subject matter jurisdiction and enter Judgment in favor of the defendants. See FED. R. CIV. P 12(h)(3). Under the *Rooker-Feldman* doctrine,[1] a federal court lacks subject matter jurisdiction to entertain a

---

[1]    *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486, 103 S.Ct. 1303(1983), and *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 416, 44 S.Ct. 149 (1923).

collateral challenge to a state court divorce proceeding. *See Evans v. Franklin County Court of Common Pleas, Div. of Domestic Relations*, 66 F. App'x. 586,588 (6th Cir. 2003).

Bowman's current allegations against Cortellessa and Silverthorn stem from her dissatisfaction with the outcome of her Kentucky state court divorce proceeding, and amount to nothing more than an effort to challenge, overturn, or effectively appeal the decision(s) rendered in that divorce proceeding.  For that reason, the Court must dismiss Bowman's Complaint.  *See Doscher v. Menifee Circuit Court*, 75 F. App'x 996, 997 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine).

### Conclusion

Accordingly, **IT IS ORDERED** that:

1.    Plaintiff V. Janet Bowman's motion to proceed *in forma pauperis*, [R. 2], is **GRANTED**;

2.    Bowman's Complaint, [R. 1], is **DISMISSED** for lack of subject matter jurisdiction; and

3.    The Court will enter an appropriate Judgment.

This the 21st day of February, 2012.



Signed By:

*Joseph M. Hood*

Senior U.S. District Judge