```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF KENTUCKY
                  CENTRAL DIVISION at LEXINGTON
```

V. JANET BOWMAN,                    )
                                    )
     Plaintiff,                     )    Civil Action No. 12-47-JMH
                                    )
vs.                                 )
                                    )    **MEMORANDUM OPINION & ORDER**
ROBERT E. CORTELLESSA, *et al.*,    )
                                    )
     Defendants.                    )
                                    )

***** ***** *****

V. Janet Bowman, the *pro se* plaintiff, has filed a motion, R. 5], seeking reconsideration of the February 21, 2012 dismissal of her Complaint. As explained below, the motion will be denied.

### BACKGROUND

On February 16, 2012, Bowman filed this action against her former spouse, Robert E. Cortellessa, and Robert S. Silverthorn, the attorney who represented Bowman in her 1984 divorce proceeding, *Cortellessa v. Cortellessa*, Woodford Circuit Court Case No. 84-CI-191. Bowman alleged that:(1) the Woodford Circuit Court did not award her the appropriate amount of marital assets, specifically, Cortellessa's federal military retirement benefit; (2) Cortellessa provided the Woodford Circuit Court with false and/or perjured information about his years of creditable service toward his military retirement; and (3) Robert S. Silverthorn, her attorney in the divorce proceeding, failed to properly ascertain the value of Cortellessa's military retirement benefit and ensure that she

received one-half of that benefit.  Bowman alleged that being denied her rightful share of Cortellessa's federal military retirement benefit has created a financial hardship on her, and at the end of her Complaint, she asked for ". . .honesty & to be allowed to proceed." [R. 8, p. 8].

On February 21, 2012, the Court dismissed Bowman's Complaint pursuant to the *Rooker-Feldman* doctrine,[1] under which federal courts lack of subject matter jurisdiction to challenge the outcome of state court proceedings. [R. 3 & 4].  The Court determined that Bowman's Complaint was essentially an effort to collaterally circumvent, or alter, the marital property division ordered in the state court divorce proceeding.

Bowman now seeks reconsideration of the dismissal.  She again alleges that her former spouse falsified and/or hid information about his federal military retirement benefit during the divorce proceeding; that because the Woodford Circuit Court neither decided the value of, nor divided, her former spouse's federal military benefit, the doctrine of *res judicata* does not bar her claims in this action; and that pursuant to the Uniformed Services Former Spouses' Protection Act ("USFSPA"), 10 U.S.C. § 1408, this Court has jurisdiction to award her one-half of Cortellessa's federal military retirement benefit, and should do so.

---

[1] *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486, 103 S.Ct. 1303(1983), and *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 416, 44 S.Ct. 149 (1923).

As to the latter claim, Bowman relies on the October 6, 2009, letter from the Defense Finance and Accounting Service to Senator Mitch McConell, which states the UFSPA does not automatically provide a division of retired pay to a former spouse; that Bowman was not awarded a portion of Cortellessa's military pay in the divorce decree; and that the United States Army was unable to issue any payments to Bowman under the USFSPA.  *See* Letter, R. 1-1, p. 2.

**DISCUSSION**

The Court will not reconsider the dismissal of Bowman's Complaint.  A district court may alter a judgment pursuant to Rule 59(e) if it was premised upon a clear misunderstanding of the controlling law or the issues presented by the parties, or where after entry of the judgment the parties discover previously-unavailable and material evidence or there is an intervening change in the controlling law.  *Owner-Op. Indep. Drivers Ass'n v. Arctic Express*, 288 F. Supp. 2d 895, 900 (S. D. Ohio 2003); *Braxton v. Scott*, 905 F. Supp. 455 (N.D. Ohio 1995).

In her Complaint, Bowman alleged that the Woodford Circuit Court failed to consider and divide Cortellessa's military benefit, and she asked this Court "to proceed."  Clearly, Bowman was seeking federal review of her state court divorce decree, and was asking this Court to "proceed" to fashion a different, and more favorable, property division than that ordered in the divorce decree.

In dismissing Bowman's Complaint, the Court did not

misunderstand the law or the issues presented; Bowman has not presented previously unavailable evidence; and no intervening change in the law has ensued since February 21, 2012. As explained in the Order, the *Rooker-Feldman* doctrine prevents a litigant, unhappy about the result in a state court domestic relations/divorce proceeding (such as Plaintiff Bowman), from altering or overturning that result by filing a subsequent civil action in federal court to obtain a more favorable outcome on some or all of the issues adversely decided in the state court divorce proceeding. *Evans v. Franklin County Court of Common Pleas, Div. of Domestic Relations*, 66 F. App'x 586, 587(6th Cir. 2003).

The *Rooker-Feldman* doctrine precludes the possibility of a federal court reaching an outcome that essentially overturns, or is inconsistent with, a decision of a state domestic relations court, even if the state court result was inaccurate or unfair. *Carlock v. Williams*, 182 F.3d 916, 1999 WL 454880, at *2 (6th Cir. June 22, 1999)(Table); *Danforth v. Celebrezze*, 76 F. App'x 615, 617 (6th Cir. 2003) (holding that the plaintiff's civil rights action was essentially a pretense to obtain federal review of the procedures and rulings in a state court domestic relations case).

Bowman continues to argue, incorrectly, that this Court has authority to divide her former spouse's federal military retirement benefit because: (a) the Woodford Circuit Court failed to divide that marital asset, and (b) a federal statute permits a former

-4-

spouse to receive a portion of the benefit upon the retirement of service member. Bowman's argument ignores the "domestic relations exception" to federal jurisdiction, under which federal courts have no jurisdiction over domestic relations matters. *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992); *Steele v. Steele*, No. 3:10-CV-40-KSF, 2011 WL 2413400, at *2 (E.D. Ky., June 10, 2011).

Further, the USFSPA does not grant jurisdiction to federal courts to divide federal military retirement benefits; as discussed, federal courts have no jurisdiction to decide domestic relations matters such as child support, property division, and alimony. The USFSPA permits States to treat military retirement pay as either the property of the military member or as the property of both the member and his spouse, *Cox v. Cox*, 479 U.S. 970 (1986), and establishes a statutory procedure by which a **state court** can order a military branch to pay a portion of a member's retirement pay to a former spouse, as part of a divorce proceeding.

Bowman next incorrectly contends that her claims are not barred by the doctrine of *res judicata.* When a court of competent jurisdiction has entered final judgment on the merits in an action, the parties to the suit and their privies are bound by that decision. *Cromwell v. County of Sac*, 94 U.S. 351, 352 (1877); *see also Brown v. Felsen*, 442 U.S. 127, 131(1979). Furthermore, *res judicata* bars not only the re-litigation of issues actually litigated in the prior action, but also issues "which could have

been raised with respect to that claim." *Westwood Chemical Co., Inc. v. Kulick*, 656 F.2d 1224, 1227 (6th Cir.1981); *see also Brown*, 442 U.S. at 131.

*Res judicata* requires "an identity of the causes of action that is, an identity of the facts creating the right of action and of the evidence necessary to sustain each action." *Westwood Chemical Co.*, 656 F.2d at 1227. Those requirements are satisfied in this case. Bowman could or should have asserted her marital rights in Cortellessa's federal military retirement benefit, and pursued collection of her portion, if any, under the USFSPA, during the 1984 divorce proceeding.[2] Regardless of whether Cortellessa's military retirement benefit was actually considered, litigated or divided during the divorce proceeding, *res judicata* bars Bowman from relitigating that issue, or any other aspect of the property division decided in the 1984 divorce decree, in this action.

Finally, Bowman claims that during the divorce proceeding, Silverthorn failed to recover her marital interest in Cortellessa's federal military retirement benefit. Because Bowman alleged no basis for federal jurisdiction over her claims against Silverthorn, the Court lacks subject matter jurisdiction over those claims. *See*

---

[2] If, as Bowman alleges, Cortellessa intentionally misrepresented or withheld any material facts about his military retirement benefit to the Woodford Circuit Court, she should have asked the Woodford Circuit Court to address the issue immediately upon discovery of the alleged fraud. If unsuccessful there, Bowman should have appealed the issue to the Kentucky Court of Appeals.

28 U.S.C. § 1915(e)(2)(B)(i); FED. R. CIV. P. 12(h)(3). "[T]he remedy for negligence by a party's lawyer is generally a legal malpractice suit or an ineffective assistance of counsel claim, not forcing the opposing party to defend against a stale claim." *Whalen v. Randle*, 37 F. App'x. 113, 120 (6th Cir. 2002). Bowman's construed legal malpractice claim against Silverthorn is likely barred by Kentucky's one-year statute of limitations for professional negligence, *see* KY. REV. STAT. ANN. § 413.245, but such a claim would lie in state court, not federal court.

Even if the Court broadly considered Bowman's claims against Silverthorn under 42 U.S.C. § 1983, those claims would still fail. In order to prevail under that statute, a plaintiff must allege that a defendant was acting under "color of state law" when he violated his or her federal constitutional rights. 42 U.S.C. § 1983; *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). Further, a private party is deemed a "state actor" only if he or she exercised powers traditionally reserved exclusively to the state. *Chapman v. Higbee*, 319 F.3d 825, 833 (6th Cir. 2003). Here, Bowman does not allege that Silverthorn, her private attorney, was engaged in "state action" when he represented her in the divorce proceeding. At best, Bowman alleges only a claim of legal malpractice against Silverthorn based on his alleged failure to properly represent her interests during the divorce proceeding. Silverthorn's alleged negligence or legal malpractice does not

-7-

qualify as "state action," so Bowman can not assert a federal claim against him under § 1983.

## CONCLUSION

Accordingly, **IT IS ORDERED** that Plaintiff V. Janet Bowman's motion to reconsider the February 21, 2012, dismissal of this action, [R. 5], is **DENIED**.

This the 29th day of February, 2012.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge